Clark PEARSON, Plaintiff—Appellant,

v.

Bradley E. POWELL, in official capacity as Regional Forester for Forest Services, Region V; et al., Defendants—Appellees.

No. 03–15815.

D.C. No. CV–01–01929–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**467**

Robert H. Oakley, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Plaintiff–Appellant.

Clark Pearson, Grass Valley, CA, pro se.

Robert H. Oakley, Todd S. Aagaard, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, John F. Gisla, Office of the U.S. Attorney, Sacramento, CA, for Defendants–Appellees.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

## MEMORANDUM**

Clark Pearson appeals pro se the district court's summary judgment for Bradley E. Powell in Pearson's action alleging that the Unites States Forest Service ("USFS") violated the National Environmental Policy Act and the Endangered Species Act ("ESA") by initiating the Upper Slate Defensible Fuel Profile Zone Project ("Upper Slate Project") without first issuing an Environmental Impact Statement ("EIS") and consulting with the Fish and Wildlife Service ("FWS"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Wetlands Action Network v. United States Army Corps of Eng'rs*, 222 F.3d 1105, 1114 (9th Cir.2000), and we affirm.

The USFS' decision to issue a "finding of no significant impact" ("FONSI"), rather than prepare an EIS, for the Upper Slate Project was not arbitrary or capricious because the environmental assessment incorporated by reference other EISs that discussed the potential impact of construction in the area, *see Inland Empire Pub. Lands Council v. United States Forest Serv.*, 88 F.3d 754, 757 (9th Cir. 1996), and the agency's mitigation plans rendered adverse effects insignificant, *see Wetlands Action Network*, 222 F.3d at 1121.

Contrary to Pearson's contention, the USFS was not required to consult with the FWS, *see Pac. Rivers Council v. Thomas*, 30 F.3d 1050, 1054 n. 8 (9th Cir. 1994), because the USFS prepared a biological assessment that determined initiation of the Upper Slate Project would

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have no effect on an endangered or threatened species, *see* 50 C.F.R. § 402.12(k)(1). Accordingly, the USFS' decision to not formally consult the FWS was not arbitrary, capricious, or a violation of the ESA. *See Envtl. Prot. Info. Ctr. v. Simpson Timber Co.*, 255 F.3d 1073, 1078 (9th Cir. 2001). The USFS' informal consultation with the FWS was in accordance with the law because it did not commence its plans until it received a written concurrence from the FWS. 50 C.F.R. § 402.13(a); *see also Pac. Rivers Council*, 30 F.3d at 1054 n. 8.

Pearson's remaining contentions are unpersuasive.

**AFFIRMED.**